Fill in this information to identify your case:

Debtor 1: **Meta R. Green**
First Name    Middle Name    Last Name

Debtor 2:
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF INDIANA**

Case number: **18-22929**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 2.5, 3.1, 3.2, 3.3, 3.4, 3.5, 4.2, 4.3, 4.4, 5.1, 8.1

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy alsCourt. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| --- | --- | --- | --- |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1  Debtor(s) will make regular payments to the trustee as follows:

**$67,764.00 total for months 1 through 17 (Nov. 2018 thru March 2020)**
**$4,060.00** per **Month** for **43** months (April 2020 thru Oct. 2023)

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2  Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

2.3 Income tax refunds.
*Check one.*

| Debtor | Meta R. Green | Case number | 18-22929 |
|---|---|---|---|

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**Debtor will turn over copies of federal and state tax returns each year of the Plan to the Trustee. Debtor will pay into the Plan tax refunds in excess of $750.00 and any earned income credit and additional child tax credit for the first 36 months of the Plan.**

**2.4 Additional payments.**
*Check one.*
☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $242,344.00.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| US Bank Trust (POC #13) | 1216 143rd, East Chicago IN | $412.64 (11/1/18-10/1/19) $416.66 (starting 11/1/19) Disbursed by: ☑ Trustee ☐ Debtor(s) | Prepetition: $10,901.69 | 0.00% | $181.69 | $36,269.71 |

*Insert additional claims as needed.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Debtor | Meta R. Green | | | Case number | 18-22929 |

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| CitiMortgage Inc. (POC #10) | $55,321.77 | 4005 Pulaski St. East Chicago, IN | $40,000.00 | $0.00 | $40,000.00 | 4.50% | $948.89 11/1/18-6/1/19; then $968.30 | $57,942.72 |
| US Bank Trust (POC #11) | $83,673.96 | 3913 Main St. East Chicago, IN | $51,000.00 | $0.00 | $51,000.00 | 5.50% | $974.16 | $58,449.60* |
| Visio Financial Services, Inc. (POC #9) | $43,540.47 | 4901 Drummond East Chicago, IN | $38,500.00 | $0.00 | $38,500.00 | 5.50% | $735.39 | $44,123.40* |
| Citibank FSB | $30,000.00 | 4005 Pulaski St., East Chicago, IN | $40,000.00 | $55,321.77 | $0.00 | 0% | Will receive nothing (See 8.1) | $0.00 |

*Insurance and taxes will be made directly by Debtor.*

*Insert additional claims as needed.*

3.3   Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

| Lake County Treasurer | $3,379.27 | 4901 Drummond East Chicago, IN | $38,500.00 | $38,500.00 | $3,379.27 | 0% | $52.98 | $3,379.27 |
| U.S. Bank | $500.00 | Postpetition mtg fees (143rd St.) | $500.00 | $0.00 | $500.00 | 0% | $8.33 | $500.00 |
| Visio Financial Services | $250.00 | Postpetition mtg fees (Drummond) | $250.00 | $0.00 | $250.00 | 0% | $4.17 | $250.00 |
| U.S. Bank Trust | $650.00 | Postpetition mtg fees (Main St.) | $650.00 | $0.00 | $650.00 | 0% | $10.83 | $650.00 |

| Debtor | Meta R. Green | | | | | Case number | 18-22929 | |
|---|---|---|---|---|---|---|---|---|
| Indiana Dept of Revenue | $1,636.13 | Income taxes | $0.00 | $0.00 | $1,636.13 | 4.00% | $30.13 | $1,807.80 |

**3.4   Lien avoidance.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

| Name of Creditor | Collateral |
|---|---|
| Bank of America NA (SEE 8.1-1) | 2301 W. 5th Ave., Gary, Indiana |

**3.5   Surrender of collateral.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Newrez LLC, d/b/a Shellpoint Mortgage Servicing<br>US Bank Trust NA, Rushmore Loan Management Svs. | 4317-4319 Olcott Ave., East Chicago, IN (SEE 8.1-2)<br>506 W. 144th St., East Chicago, IN (SEE 8.1-3) |

## Part 4:   Treatment of Fees and Priority Claims

**4.1   General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.00**% of plan payments; and during the plan term, they are estimated to total $**11,535.53**.

**4.3   Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**10,000.00 to be paid in the first 36 months of the Plan.**.

**4.4   Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ☑ The debtor(s) estimate the total amount of other priority claims to be $**7,838.12 to be paid prior to mortgage arrears.**

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:   Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Debtor  **Meta R. Green**   Case number  **18-22929**

☑ Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of **$9,500.00 this is based on the liquidation value of the real estate located at 2301 5th Ave., Gary, Indiana. If the debtor successfully voids the mortgage of Bank of America, this is the amount unsecured creditors receive on the liquidation of the collateral. If the debtor does not succeed in voiding the mortgage, unsecured creditors will receive nothing.**

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ __9,500.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** Other separately classified nonpriority unsecured claims. *Check one.*

☑ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.
Citibank FSB has a mortgage of record dated September 5, 2016 and recorded September 15, 2016 on the real estate located at 4005 Pulaski St., East Chicago, Indiana. The Debtor's real estate has a value of $40,000.00. There is a first mortgage to CitiMortgage in the amount of $55,321.77. Citibank FSB's mortgage is entirely unsecured in that there is no equity for the mortgage to attach after payment of the first mortgage.The real estate is not the Debtor's residence; therefore, the mortgage of Citibank FSB may be modified pursuant to 11 U.S.C. 506, 1322, and 1325. The Debtor proposes to pay Citibank as an unsecured creditor and will not receive any payments since there is no equity for the lien to attach. THe Debtor is cramming down the value of the mortgage to $0.00. Upon completion of the Debtor's Plan Citibank FSB's mortgage, recorded as document number 2006 081380 with the Lake County Recorder State of Indiana on the real estate located at 4005 Pulaski St., with a legal description:

LOT 3, BLOCK 13, SUBDIVISION OF BLOCK 13, 14, 15 AND 16, FIFTH ADDITION TO INDIANA HARBOR, IN THE CITY OF EAST CHICAGO, AS SHOWN IN PLAT BOOK 9, PAGE 2, IN LAKE COUNTY, INDIANA.

PARCEL NO. : 24-30-0421-0003

| | | | |
|---|---|---|---|
| Debtor | **Meta R. Green** | Case number | **18-22929** |

Shall be satisfied, released and discharged.

| Part 9: | Signature(s): |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    /s/ Meta R. Green
**Meta R. Green**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on    03/18/2020

Executed on _____
Date    03/18/2020

X _____
**Lori D. Fisher 17948-14**
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor  **Meta R. Green**    Case number  **18-22929**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $36,269.71 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $160,515.72 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $6,587.07 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $29,373.65 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $9,500.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $242,246.15 |

**8.1-1**

U.S. Bank NA holds a note and mortgage dated 5/25/2006 on the real estate located at 2301 5th Avenue, Gary, Indiana. U.S. Bank NA failed to record the mortgage on the real estate prior to the petition date. The Debtor will make no payments on the note and mortgage in that the mortgage is voidable pursuant to 11 USC §544. U.S. Bank NA will be treated as an unsecured creditor. Upon completion of the Plan and entry of Discharge, the mortgage of U.S. Bank NA will be voided and discharged. The Debtor will hold the property free and clear of liens.

**8.1-2**

### Ditech Financial assigned to Newrez LLC dba Shellpoint Mortgage Servicing , 4317 Olcott Ave., East Chicago, Indiana.

The Debtor is collecting rents on the real estate and will continue to collect the rents and use same as she deems necessary until title to the real estate is transferred. The Debtor will continue to file monthly operating reports for the real estate until such time as the mortgage holder assumes ownership of the property.

Upon confirmation of the Debtors' Plan, the real estate located at 4317 Olcott Ave., East Chicago Indiana with a legal description of:

> Lots 15 and 16 in Block 8 in Subdivision of the West 1317.5 feet of the Northeast 1/4 of Section 29, Township 37 North, Range 9 West of the 2nd Principal Meridian, in the City of East Chicago, as per plat thereof, recorded in Plat Book 2, page 15, in the Office of the Recorder of Lake County, Indiana.

shall be transferred to the first mortgage holder, Newrez LLC d/b/a Shellpoint Mortgage Servicing pursuant to 11 U.S.C. sec. 1322(b)(8) in complete satisfaction of its Note and Mortgage, recorded as document number 2006 086101 recorded with the Lake County Recorder's Office on October 3, 2006. The Debtor shall be entitled to execute a Quit Claim Deed transferring title to the real estate to Newrez LLC d/b/a Shellpoint Mortgage Servicing and to file the deed with the Lake County Recorder's Office along with a copy of the confirmed plan properly reflecting Newrez LLC d/b/a Shellpoint Mortgage Servicing as the record owner of the real estate. The Debtor will have no further responsibility or liability for the real estate upon the transfer of title to the current mortgage holder of record.

The Debtor shall be released from any and all other liability for the real estate and to all lien holders of record on the real estate. The creditor will accept the Real Estate in full satisfaction of any and all claims, both secured and unsecured, it may have against the Debtor and the Bankruptcy Estate.

8.1-3

a. **US BANK TRUST NA, 506 W 144th St.** - The Secured Creditor, US Bank Trust NA on August 9, 2019, transferred the mortgage on the real estate located at 506 W. 144th St., East Chicago, Indiana to MTGLO Investors LP, 2001 Ross Ave., Ste 2800, Dallas TX 75201 as evidenced by the attached record obtained from the Lake County Treasurer.

The Debtor is collecting rents on the real estate and will continue to collect the rents and use same as she deems necessary until title to the real estate is transferred. The Debtor will continue to file monthly operating reports for the real estate until such time as the mortgage holder assumes ownership of the property.

Upon confirmation of the Debtors' Plan, the real estate located at 506 144th St. East Chicago Indiana with a legal description of :

---

Case 16-23382-jra    Claim 14-1 Part 2    Filed 03/28/17    Page 15 of 32

EXHIBIT A

THE FOLLOWING DESCRIBED REAL ESTATE IN LAKE COUNTY, STATE OF INDIANA:

LOT 66, BLOCK 9, SUBDIVISION OF BLOCKS 3, 4, 9 AND THE NORTH 1/2 OF BLOCK 10, IN THE SUBDIVISION OF THE WEST 1317.5 FEET OF THE NORTHEAST 1/4 OF SECTION 29, TOWNSHIP 37 NORTH, RANGE 9 WEST OF THE 2ND PRINCIPAL MERIDIAN, (EXCEPT THE EAST 70 FEET OF THE SOUTH 124 FEET OF SAID BLOCK 9, AND EXCEPT THE RIGHT OF WAY OF THE STATE LINE AND INDIANA CITY RAILWAY) IN THE CITY OF EAST CHICAGO, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 5 PAGE 13, IN LAKE COUNTY, INDIANA.

SUBJECT TO ANY AND ALL EASEMENTS AND OTHER MATTERS OF RECORD; SUBJECT TO THE LIEN FOR REAL PROPERTY TAXES NOT DELINQUENT; AND SUBJECT TO RIGHTS OF WAY FOR ROADS AND SUCH MATTERS AS DELINQUENT AND SUBJECT TO RIGHTS OF WAY FOR ROADS AND SUCH MATTERS AS WOULD BE DISCLOSED BY AN ACCURATE SURVEY AND INSPECTION OF THE REAL ESTATE.

ADDRESS: 506 W 144TH STREET; EAST CHICAGO, IN 46312    TAX MAP OR PARCEL ID NO.: 24-30-0028-0033   ,TAX MAP OR PARCEL ID NO.: 24-30-0028-0033

shall be transferred to the first mortgage holder, MTGLO Investors LP, 2001 Ross Ave. Ste 2800, Dallas, TX 75201 ,pursuant to 11 U.S.C. sec. 1322(b)(8) in complete satisfaction of its Note and Mortgage, recorded as document number 2007 077683 recorded with the Lake County Recorder's Office on September 28, 2007. The Debtor shall be entitled to execute a Quit Claim Deed transferring title to the real estate to MTGLO Investors LP, 2001 Ross Ave., Ste 2800, Dallas TX 75201 and to file with the Lake County Recorder's Office along with a copy of the confirmed plan properly reflecting MTGLO Investors LP as the record owner of the real estate. The Debtor will have no further responsibility or liability for the real estate upon the transfer of title to the current mortgage holder of record.

The Debtor shall be released from any and all other liability for the real estate and to all lien holders of record on the real estate. The creditor will accept the Real Estate in full satisfaction of any and all claims, both secured and unsecured, it may have against the Debtor and the Bankruptcy Estate.



- HOME
- ABOUT
- CONTACT
- SEARCH
- CART
- LOGIN

Page: Show Recording

**Commands**
Login
My Account (Orders Too)
Register
Logout
Advanced Search
Search

**Show Recording**

Data Up To 2-07-2020

**Date Recorded:** 2019-08-09
**Category:** OTHER
**Instrument:** ASSIGNMENT OF MORTGAGE
**Instrument Number:** 2019-053723

**Grantee:** MTGLQ INVESTORS LP
**Grantor:** US BANK NATIONAL ASSOCIATION TRUSTEE GREEN META

**Number of Pages:** 2
**Consideration:** 66,000.00
**Auditor Number:**
**Parcel Number:** 45-03-29-254-029.000-024

**Street Address:** 506 144TH
**City:** EAST CHICAGO
**Zipcode:** 46312

**Legal Description:** LT 66, BLK 9 SUBDIVI OF BLKS 3,4, 9, AND PT BLK 10 IN SUBDIVI OF W 1317.5FT OF NE1/4 SEC 29-37-9- W. 2ND P.M. See Film For More Information
New Public Lookup ID: 3582080
Add This Doc To Your Cart
Show Item(s) In Your Cart
Google Map - External Website
GIS - External Website
Assessor Website
Assessor Record Card PDF

**The Watermarked Document**